## DAVID DEVENS *vs.* GEORGE BOWER.

To a writ of entry to foreclose a mortgage, a previous entry to foreclose is not admissible in defence, under the general issue, to show that the tenant was not in possession of the demanded premises; and, *it seems*, would not be a bar, under any pleadings.

WRIT OF ENTRY to foreclose a mortgage. Plea, *nul disseisin*, without any specification of defence, or statement that the tenant intended to deny his possession of the demanded premises.

At the trial in the court of common pleas, the demandant

gave in evidence a mortgage of the demanded premises, an assignment of the mortgage to himself, and a deed of the premises from the mortgagor to the tenant, dated subsequently to the mortgage ; and rested his case.

The tenant then offered in evidence a certificate duly made and recorded of an entry by the demandant to foreclose the mortgage before the date of the writ, and contended that he was entitled to a verdict, because the certificate showed that he was not in possession at the time of the commencement of the action.

But *Perkins*, J., ruled that, under the pleadings, the demandant's evidence entitled him to a verdict, notwithstanding that ˙ntroduced by the tenant. A verdict was rendered accordingly, and the tenant alleged exceptions.

*G. H. Kingsbury*, for the tenant.

*C. A. Welch*, for the demandant.

DEWEY, J. The tenant having pleaded the general issue, unaccompanied by any specification of defence that he was not tenant of the freehold, the demandant was not required to show that the tenant was in possession of the demanded premises ; nor could the tenant, upon any proof he might offer, rely upon such ground of defence. *Washington Bank* v. *Brown*, 2 Met. 293. *Burridge* v. *Fogg*, 8 Cush. 183.

This view of the case would be a sufficient answer to the proposed defence. But it would seem that if the facts had been introduced into the case under proper pleadings, they would have constituted no defence to an action at law to foreclose the mortgage. *Merriam* v. *Merriam*, 6 Cush. 91.

*Exceptions overruled.*